UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Case Number: 19-25239-CIV-MARTINEZ/REID**
Case No. 96-00443-CR-JEM

ELADIO ALBERTO MUNOZ,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER was referred to the Honorable Lisette M. Reid, United States Magistrate Judge, for a Report and Recommendation on Movant's successive Motion to Vacate pursuant to 28 U.S.C. § 2255, (ECF No. 8).[1] Magistrate Judge Reid filed a Report and Recommendation, (ECF No. 15), recommending that (1) the Motion be granted in part and denied in part; (2) Movant's challenge to his conviction on Count III be granted and that the conviction and sentence on Count III be vacated; (2) Movant's challenge to Count VI be denied; (3) a certificate of appealability be issued on two issues as discussed further below; and (4) the case be closed. Both Movant and the Government have filed objections to the Report and Recommendation, responses to each other's objections, and the Government has filed supplemental authorities. After conducting a *de novo* review of the record, the Court **OVERRULES** the objections and **AFFIRMS** and **ADOPTS** Judge Reid's report and recommendation in its entirety.

Movant's underlying criminal case involved three "episodes" of robbery, extortion,

---

[1] Citations to the civil record will be referred to as "ECF No.," whereas citations to the underlying criminal record (96-00443-CR-JEM) will be referred to as "CR ECF No."

kidnapping, and carjacking. The Eleventh Circuit explained these three episodes in Movant's direct appeal, as follows:

> First was the robbery and extortion of Nelson and Mercedes Gomez Martin on June 26, 1995. The second episode included the kidnapping and extortion of Jose and Idania Arias and their children on January 11, 1996. The final episode involved the November 4, 1996 attempted robbery of Rosa Gonzalez, Armando Gonzalez's housekeeper and the kidnapping and extortion of Armando Gonzalez on November 13, 1996. The Arias and Gonzalez episodes also involved carjacking, and firearms were used in all three episodes.
>
> Although not physically involved in the robberies and extortions, [two of Movant's co-defendants] served as "tipsters." They were Santeria priests and used their positions to gain confidential information regarding the financial status of their followers, called "godchildren." This information was then passed on to Orestes Hernandez who in turn, along with [Movant and three other co-defendants], targeted the individuals beginning in December 1994.

*U.S. v. Diaz*, 248 F.3d 1065, 1075 (11th Cir. 2001).

A grand jury charged Movant with six counts: **(1)** conspiracy to commit Hobbs Act extortion, in violation of 18 U.S.C. § 1951(b) (Count I); **(2)** Hobbs Act extortion based on the Martin episode, in violation of 18 U.S.C. § 1951(b) (Count II); **(3)** using and carrying a firearm during and in relation to the Hobbs Act extortion offense in Count II, in violation of 18 U.S.C. § 924(c) (Count III); **(4)** attempted Hobbs Act extortion based on the Arias episode, in violation of 18 U.S.C. § 1951(b) (Count IV); **(5)** carjacking based on the Arias episode, in violation of 18 U.S.C. § 2119 (Count V); **(6)** using and carrying a firearm during and in relation to the offence in Count IV and V, in violation of 18 U.S.C. § 924(c)(1) and (2) (Count VI). (CR ECF No. 330). Movant was convicted by a jury on all counts, (CR ECF No. 439), and the Court sentenced Movant to a total of 705 months imprisonment, (CR ECF No. 551).

On appeal, the Eleventh Circuit affirmed the convictions, but vacated the sentences on Counts I, II, IV, and V for resentencing. *Diaz*, 248 F.3d at 1109. On remand, the Court re-sentenced Movant to a total of 535 months' imprisonment. (CR ECF No. 660). The Bureau of Prisons

calculates Movant's release date as July 6, 2034.  Movant has filed three other § 2255 motions, the first of which was dismissed on the merits, *see Munoz v. United States*, Case No. 05-cv-23260-ASG, ECF No. 63, and the others for lack of jurisdiction as successive, (*see* CR ECF Nos. 757, 767).  The Eleventh Circuit granted Movant's application to file the instant successive motion pursuant to 28 U.S.C. § 2255(h).  (ECF No. 1).  Judge Reid recommends that the Motion be granted as to Count III, but denied as to Count VI.  The Court agrees.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause in 18 U.S.C § 924(c)(3)(B) is unconstitutionally vague.  Section 924(c) criminalizes the use or carrying of a firearm "during and in relation to any crime of violence."  § 924(c)(1)(A).  The statute defines a "crime of violence" as a felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(A)–(B).  Subsection (A) is called the "elements clause," and subsection (B) is the now-invalid "residual clause."  *Davis* does not affect offenses that qualify as "crimes of violence" under the elements clause.  *E.g., Steiner v. United States*, 940 F.3d 1282, 1285 (11th Cir. 2019).

The Government concedes that, after *Davis*, "both substantive and attempted Hobbs Act extortion are not crimes of violence" and that "Movant is actually innocent of the Section 924(c) crime charged in Count III.  (ECF No. 10, at 3).  Because the only predicate for Count III is the Hobbs Act extortion charge—which the Government does not dispute—Count III requires vacatur.

The question remains, however, as to whether Movant met his burden of proving that the conviction on Count VI was predicated on the Hobbs Act charge in Count IV, which falls outside of § 924(c)'s elements clause.  Judge Reid recommends denial of Movant's motion as to Count VI

because Movant failed to prove that Count VI was predicated solely on the attempted Hobbs Act extortion charge. In doing so, Judge Reid applies the standard set forth in *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017).

Movant argues that this Court "must treat the attempted Hobbs Act extortion in Count IV as the operative § 924(c) predicate for Count VI and urges the Court against applying the *Beeman* standard. (*See* ECF No. 11, at 2). The Court disagrees. As previously held, *Beeman* applies to *Davis* claims and is binding on this Court. (*See* CR ECF No. 794). This is further confirmed by the Eleventh Circuit's opinions relying on *Beeman*. The Eleventh Circuit recently noted that movants seeking relief under a *Davis* claim "will have to show that his § 924(c) conviction resulted from application of solely the residual clause." *In re Hammoud*, 931 F.3d 1032, 1041 (11th Cir. 2019); *In re Cannon*, 931 F.3d 1236, 1243 (11th Cir. 2019) ("Cannon, as the movant, still bears the burden of proving the likelihood that the jury based its verdict of guilty in Count 3 solely on the Hobbs Act conspiracy, and not also on one of the other valid predicate offenses identified in the count (four drug crimes and two carjackings)."); *see also Granda v. United States*, No. 17-15194, 2021 WL 923282, at *10 (11th Cir. March 11, 2021) (holding that the movant did not meet its burden of showing "a substantial likelihood that the jury relied solely" on the Hobbs Act charge to predicate its conviction of the § 924(c) charge).

Thus, Movant bears the burden of proving that the jury based its verdict of guilty in Count VI solely on Count IV, the Hobbs Act charge. He has failed to meet this burden. As Magistrate Judge Reid aptly stated, the record reveals that "the carjacking offense was inextricably intertwined with the attempted Hobbs Act extortion offense in that Movant committed the armed carjacking during the course of, and in furtherance of, the attempted Hobbs Act extortion." (ECF No. 15, at 11); *see Granda*, 2021 WL 923282, at *10 (holding that "[t]he tightly bound factual

relationship of the predicate offenses precludes Granda from showing a substantial likelihood that the jury relied solely on" the Hobbs Act charge to predicate its conviction of the § 924(c) charge.). In light of the record, Movant cannot establish that his § 924(c) conviction in Count VI was solely predicated upon the attempted Hobbs Act extortion and not also, or alternatively, on the carjacking charge. Accordingly, the Motion is denied as to Count VI.

Finally, because Judge Reid's well-reasoned report already addresses the parties' remaining objections, the Court need not reiterate them.

After careful consideration, it is **ADJUDGED** that United States Magistrate Judge Reid's Report and Recommendation, (ECF No. 15 is **AFFIRMED** and **ADOPTED**.

1. Movant's successive 28 U.S.C. § 2255 motion (ECF No. 8) is **GRANTED IN PART AND DENIED IN PART** as set forth herein. The Motion is **GRANTED** as to Count III and **DENIED** as to Count VI. The Court will set a resentencing hearing via a separate order.

2. A certificate of appealability **SHALL ISSUE** as to the following issues: (1) whether the Court erred in applying the reasonable probability and harmless-error review standards to an error arising from a jury that was instructed on multiple possible predicate crimes—one of which is invalid—and a general verdict that does not specify the predicate(s) on which the jury relied; and (2) whether the Court erred in determining the charges were inextricably intertwined and the error was harmless.

3. This case is **CLOSED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of March, 2021.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Reid
All Counsel of Record

5